UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONODIP CHAUDHURI,

       Plaintiff,

  v.

                                     Case No. 18-cv-508-pp

INTERNATIONAL BUSINESS MACHINES CORPORATION,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY (DKT. NO. 25), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (DKT. NO. 22), DENYING AS MOOT PLAINTIFF'S MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE (DKT. NO. 22) AND SETTING STATUS CONFERENCE**

       One week before the August 16, 2019 discovery deadline, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion to extend the discovery and dispositive motions deadlines. Dkt. No. 22. The plaintiff explained that the parties had engaged in mediation in April but that their discussions ended in May. Id. The defendant opposed any extension and filed its own motion to compel, citing the plaintiff's failure to respond to written discovery or appear for his August 14, 2019 deposition. Dkt. No. 25. The plaintiff did not respond to the motion to compel within the time specified by Civil Local Rule 7(b) (that is, within twenty-one days). Instead, a month after the defendant filed the motion to compel, the plaintiff filed a short response. Dkt. No. 31. The plaintiff argued that his health and limited income made it difficult to fly from India for a deposition in Milwaukee. Dkt. No. 31 at 3.

1

The court extended the dispositive motion deadline to December 16, 2019 on the parties' stipulation. Dkt. No. 30. More recently the court set aside the dispositive motion date because of the outstanding discovery issues. Dkt. No. 34. The court will grant in part the motion to compel, requiring the plaintiff to produce written discovery and to submit to a video deposition. The court will grant the plaintiff's motion for an extension of the discovery deadline and will deny as moot his request for an extension of the dispositive motion deadline.

**I.     Defendant's Motion to Compel (Dkt. No. 25)**

Rule 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve interrogatories, Fed. R. Civ. P. 33; requests for production of documents, Fed. R. Civ. P. 34; or requests to admit, Fed. R. Civ. P. 36. Each of those rules requires a response within thirty days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). A party may, with a few exceptions, orally depose any person without leave of court. Fed. R. Civ. P. 30(a)(1). The party requesting the deposition must provide reasonable notice. Fed. R. Civ. P. 30(b)(1). The parties may stipulate, or the court may (on motion) order, that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4).

Rule 37 allows a party to move to compel discovery if the opposing party fails to respond or provides incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or

2

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." Civ. L.R. 37 (E.D. Wis.).

When a court grants a motion to compel discovery, Rule 37 mandates that it "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). The court may not order payment if the movant didn't make a good-faith effort to obtain the discovery without including the court, the nondisclosure was substantially justified or the circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5). And, if the court partially grants and partially denies the motion, the court may—after giving an opportunity to be heard—apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

  A. <u>The Discovery Timeline</u>

The court entered the scheduling order on January 15, 2019. Dkt. No. 14. The parties tried to mediate but discussions fell apart on May 10, 2019. Dkt. No. 26 at ¶3. After the mediation failed, the defendant served its written discovery requests on the plaintiff by email and U.S. Mail. Id. at ¶4; Dkt. No. 26-1. The rules required the plaintiff to file a response no later than July 25, 2019. Dkt. No. 26 at ¶5. The plaintiff responded. Dkt. No. 26 at ¶6; Dkt. No. 32 at 4.

Defense counsel sent plaintiff's counsel an email on June 28, 2019 asking to schedule the plaintiff's deposition. Dkt. No. 26-2. Plaintiff's counsel

did not respond. Dkt. No. 26 at ¶7. Defense counsel sent a second email on July 2, 2019, asking about the plaintiff's availability for a deposition and including a follow-up request for the plaintiff's initial disclosures. Id. at ¶8. In a conversation on July 8, 2019, defense counsel told plaintiff's counsel that the plaintiff would need to travel to Wisconsin for his deposition; plaintiff's counsel said he would speak with his client. Id. at ¶9. Defense counsel emailed plaintiff's counsel again on July 10, 2019, reiterating the defendant's position and requesting dates. Id. at ¶10. In the email, he wrote:

> As we discussed today, we are still waiting for Mr. Chaudhuri's 26(a)(1) disclosures. Please produce them ASAP or we will have no choice but to seek relief from the court.
>
> I know that you were going to try to speak with Mr. Chaudhuri. Please let me know where we are with his deposition. He picked the forum and chose to travel to Wisconsin for mediation (despite the fact that we were willing to do that via video). I see no reason why he is unable to travel to Wisconsin for his deposition. Unlike the mediation, I think it is very important for the witness and the lawyer to be face-to-face.

Dkt. No. 26-2 at 1.

One month before the discovery deadline, defense counsel emailed again, noting that things "were getting ridiculous," and asked for the initial disclosures and the plaintiff's availability for a deposition. Dkt. No. 26 at ¶11; Dkt. No. 26-2 at 1. Plaintiff's counsel responded the next day via email, attached the initial disclosures and said that he was going to file an extension the next day; he didn't. Dkt. No. 26-2 at ¶12.

Defense counsel emailed plaintiff's counsel on July 22, 2019, asking for a deposition. Id. at ¶13. Hearing nothing, he served a notice of deposition on

4

July 24, 2019 for a deposition scheduled to take place in Milwaukee on August 14, 2019 at 10:00 a.m. Id. at ¶14; Dkt. No. 26-4 at 1-2. Plaintiff's counsel did not respond until 9:51 p.m. on August 8, 2019, at which time he objected "to defendant's demand for in person deposition" and said that the plaintiff would be available to appear by phone on December 14, 2019 and that counsel would appear in person at 9:00 a.m. Id. at ¶16; Dkt. No. 26-6.

Defense counsel responded on August 9, 2019, stating that the defendant would oppose any request to extend the scheduling order and reiterating that the plaintiff must appear in person for the August 14, 2019 deposition. Id. at ¶17; Dkt. No. 26-5 at 2. Defense counsel also stated that the defendant had not received the responses to the June 20, 2019 discovery requests, and provided a timeline of the parties' communication and case law about appearing for an in-person deposition. Dkt. No. 26 at ¶17. He stated that he would seek sanctions under Rules 37 and 41 if the plaintiff did not appear for the deposition. Id.

Plaintiff's counsel filed his motion for an extension of time on August 9, 2019, seeking an extension of the discovery and dispositive motions deadline. Dkt. No. 22. He said nothing of the deposition or the outstanding discovery requests; plaintiff's counsel said good cause existed for the extension because the parties had attempted to negotiate a settlement in April and that litigation "was in effect frozen" during the time that they attempted to settle. He explained that the "plaintiff had not engaged in discovery during this time period." Id.

5

During a phone call on August 12, 2019, plaintiff's counsel said that the plaintiff would not appear for the August 14, 2019 deposition. Dkt. No. 26 at ¶18. Defense counsel followed up with two more emails to plaintiff's counsel—in the morning and evening of August 13, 2019—and three voicemails. Id. at ¶21; Dkt. No. 26-5; Dkt. No. 26-7. Defense counsel made it clear that the defendant would not withdraw its notice of deposition and that the defendant would seek sanctions for the plaintiff's failure to appear. At 5:18 a.m. on the morning of the scheduled deposition, plaintiff's counsel emailed and said his client's "availability will be strictly by phone." Dkt. No. 26-8 at 1. The plaintiff did not attend the deposition. Id. at ¶25.

B.   Plaintiff's Response to the Motion to Compel

The plaintiff insists that he has not refused to be deposed; he objects to spending $3,000 to travel to the United States "or to subject his deteriorating physical condition to 30+ hours of travel round trip." Dkt. No. 31. Plaintiff's counsel explains that the plaintiff's claim revolves around his disability, which is a condition called "ankylosing spondylitis." Id. at 2. Although the plaintiff travelled to the United States for mediation, he since has been forced to ration his monthly medication and his health has continued to deteriorate. Id. at 3. Forcing him to appear in the United States for a deposition would force him to choose the litigation over medical treatment. Id. The plaintiff's medication costs $1,650, and the plaintiff asserts that the defendant either knew or "should have been aware" of these circumstances. Id.

6

The plaintiff filed a notarized statement saying that he takes a medication called Enbrel, which costs $1,650 per month, and that his expenses exceed his income. Dkt. No. 31-1 at 2. He admits that he traveled to the mediation against the advice of his counsel, and had to take high doses of painkillers, steroid medicine and "injection." Id. He did so hoping it would resolve the case but the trip was "extremely uncomfortable and painful." Id.

The plaintiff filed his statement from the Social Security Administration indicating that he receives $1,004 per month. Dkt. No. 31-2. He also filed a handwritten prescription from a doctor at the Medical College in Kolkata. Dkt. No. 31-3. The plaintiff offered no explanation of the condition or how it affects his functioning. He simply asked the court for leave to appear for the deposition by video conference and asked the court to deny the motion to compel. Dkt. No. 31.

C.　Analysis

It appears that the plaintiff has completely ignored the defendant's requests for written discovery. The court finds nothing in the record that provides any explanation for his failure to produce written discovery. While the plaintiff's motion for extension of time references the mediation, that mediation fell apart on May 10, 2019, *before* the defendant served its discovery requests. The defendant served its first set of interrogatories, requests to admit and requests for production of documents on June 20, 2019. Dkt. No 26-1. The plaintiff never objected to the requests or sought a protective order. The brief in opposition to the motion to compel never even references the written discovery

requests. Dkt. No. 31. The plaintiff chose to file this lawsuit; he cannot ignore discovery requests. The court will grant the defendant's motion to compel the plaintiff to respond to the written discovery demands.

With respect to the notice of deposition, it appears that the plaintiff did not propose being deposed by videoconference prior to the plaintiff's brief in opposition to the motion to compel. On August 8, 2019, the plaintiff filed an "objection to defendant's demand for in person deposition" that said only that the plaintiff would be available to appear by phone on December 14, 2019. Dkt. No. 26-2. The objection said telephone—not videoconference—and unilaterally proposed a date four months after the discovery deadline had passed. While the plaintiff asked to extend the discovery deadline, the plaintiff never asked to quash the notice for his deposition.

Rule 30(b)(1) allows the party noticing the deposition to choose the time and place. Fed. R. Civ. P. 30(b)(1). The general rule is that the nonresident plaintiff must appear for deposition in the place he chose to file the lawsuit. Mintel Intern. Group, Ltd. v Neergheen, 2008 WL 10718842, *2 (N.D. Ill. Aug. 28, 2008); 8A Wright & Miller, Federal Practice & Procedure § 2112 at 527 ("ordinarily, plaintiff will be required to make himself ... available for examination in the district in which suit was brought"). Other district courts have required plaintiffs who reside in other countries to appear for a deposition in the district where they filed their complaint. Seuthe v. Renwal Products, Inc., 38 F.R.D. 323 (S.D.N.Y. 1965) (plaintiff who lived in West Germany had to travel to New York for a deposition over objection of financial hardship); Slade

v. Transatlantic Financing Corp., 21 F.R.D. 146 (S.D. N.Y. 1957) (plaintiff who lived in London had to travel to New York for deposition absent showing of unreasonable hardship).

The plaintiff chose to file his complaint in the Eastern District of Wisconsin. The plaintiff chose to travel to the United States for a mediation in April, even though defendant was willing to accommodate the plaintiff via videoconference. It does not appear that the plaintiff communicated to the defendant that his condition had deteriorated since the mediation, that he had resorted to rationing his medications or that he would be willing to appear for a video deposition. The court will grant the defendant's motion to compel the plaintiff to submit to deposition.

At the same time, plaintiff and his counsel, presumably mindful of Rule 11, have represented to the court that traveling to the United States would pose a significant financial and physical hardship. They have identified the plaintiff's physical condition, which the Mayo Clinic describes as an inflammatory condition causing bones in the spine to fuse. https://www.mayoclinic.org/diseases-conditions/ankylosing-spondylitis. Because it appears that a deposition in person would create a significant hardship, the court will allow the plaintiff to appear for a videoconference deposition with certain restrictions. The court will require the plaintiff to make himself available for the deposition before the last day of February 2020 and he must provide responses to all written discovery no later than one week before the video deposition.

The defendant has asked the court to impose sanctions, but the court will withhold its ruling on that request. A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." Abner v. Scott Mem'l Hosp., 634 F.3d 962, 964 (7th Cir. 2011) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)). Any sanctions imposed under the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016). Dismissal is too harsh a sanction where the plaintiff (eventually) provided the initial disclosures, responded to (some) emails and requested an extension of the discovery deadline before the deadline passed.

That said, the court has considered an award of costs and fees. Rule 37(a)(5) mandates an award of attorney fees, after giving the opposing party an opportunity to be heard, as long as the moving party tried to obtain the discovery in good faith and the nondisclosure was not substantially justified (or other circumstances existed to make the award unjust). The court will extend the deadline for completing discovery to the end of February will set a status conference after February 29 to determine whether the video deposition allowed the defendant to obtain the discovery it needs to move forward with the case. During the status conference, the court will revisit the defendant's request for an award of costs and fees, and will allow the plaintiff the opportunity to be heard.

10

### II. Plaintiff's Motion for Extension of Time to File Dispositive Motions and to Complete Discovery (Dkt. No. 22)

As the court noted, the plaintiff asked the court to extend the deadline for completing discovery and filing dispositive motions by ninety days. Dkt. No. 22. The court has indicated that it will extend the deadline for completing discovery to the end of February—February 29, 2020. The court already has vacated the deadline for filing dispositive motions. Dkt. No. 34. At the post-February 29, 2020 status conference, the court will discuss with the parties whether it is appropriate to schedule a new dispositive motions deadline.

### III. Conclusion

The court **GRANTS** the portion of the defendant's motion to compel that asks the court to compel the plaintiff to submit to a deposition. Dkt. No. 25.

The court **DENIES** the portion of the defendant's motion to compel that asks the court to require the plaintiff to appear in person in Milwaukee for that deposition. Dkt. No. 25.

The court **ORDERS** that the plaintiff must appear for a deposition via videoconference before the end of the day on **February 29, 2020**. The court **ORDERS** that plaintiff's counsel must cooperate with defense counsel to schedule an appropriate time for the deposition and to arrange for the technology needed to conduct the deposition. The court **ORDERS** that the defendant must make an itemized record of all expenses associated with this procedure.

The court **GRANTS** that portion of the defendant's motion to compel that asks the court to require the plaintiff to respond to the defendant's written

discovery requests. The court **ORDERS** that no later than seven days prior to the date of the video deposition, the plaintiff must provide the defendant with responses to the defendant's first set of discovery requests.

The court **ORDERS** that the plaintiff's failure to comply with this order may result in the dismissal of the case under Rule 37(b)(2)(A) and/or result in an award of costs and fees, in addition to any sanction the court may impose for the plaintiff's failure to comply with the defendant's original discovery requests.

The court **GRANTS** the plaintiff's motion to extend the discovery deadline. Dkt. No. 22. The court **EXTENDS** the discovery deadline to the end of the day on February 29, 2020.

The court **DENIES AS MOOT** the plaintiff's motion to extend the dispositive motion deadline. Dkt. No. 22.

The court **ORDERS** that the parties shall appear for a telephonic status conference on March 12, 2020 at 10:00 a.m. Parties wishing to appear by phone may do so by calling the court's conference line and using access code 4893665#.

Dated in Milwaukee, Wisconsin this 30th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
